IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                          Criminal No. 20-170

RAEKWON BLANKENSHIP

## GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Jonathan D. Lusty, Assistant United States Attorney for said District, and respectfully submits this Sentencing Memorandum to the Court:

## I.      INTRODUCTION

On June 15, 2021, the defendant entered a plea of guilty to the one-count Indictment in this case, admitting to obstruction of law enforcement during a civil disorder.  The Court has scheduled sentencing in this matter for November 4, 2021.  In advance of the sentencing hearing, the United States submits this Memorandum, recommending a sentence within the United States Sentencing Commission Guidelines ("Guidelines") range of 0 to 6 months of imprisonment, followed by 3 years of supervised release.   For the reasons set forth below, the United States submits that a sentence within the Guidelines range is an appropriate and reasonable sentence in this case.

## II.     THE SENTENCING GUIDELINES

The United States Supreme Court has instructed that "district courts *must* begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process."  *Peugh v. United States*, 569 U.S. 530, 541 (2013) (quoting *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)).  Sentencing decisions are to be "anchored by the Guidelines," and

1

appellate courts may presume that guideline sentences are reasonable.  *Peugh*, 569 U.S. at 541. When considering a sentence outside of the Guideline range, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (citing *Gall*, 552 U.S. at 50) (emphasis added).  "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

### III.    SECTION 3553 FACTORS

The factors cited under Title 18, United States Code, Section 3553(a) support the United States' recommended sentence in this case.

**(1)    18 U.S.C. § 3553(a)(1) – The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

**a.    The Nature and Circumstances of the Offense**

The defendant's conduct in this case is quite serious.  During rioting in downtown Pittsburgh on May 30, 2020, the defendant threw multiple objects towards occupied marked Pittsburgh Police vehicles that were trying to leave the area of the protests as the crowd became unruly.  The defendant also assisted with the destruction of an unmarked vehicle.  The defendant's actions served to escalate an already volatile situation.

**b.    History and Characteristics of the Defendant**

The defendant has a limited criminal history, including one prior adult conviction for carrying a firearm without a license (PSIR ¶ 31).  The defendant was also sentenced to 18 to 36 months of imprisonment in state court for his actions on May 30, 2020.  In summary, the defendant's conduct, limited criminal history, and the sentence imposed in state court support a Guidelines range sentence in this case.

**(2)** **18 U.S.C. § 3553(a)(2)(A) – The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment for the Offense**

Imposition of a sentence within the Guidelines range is necessary in this case to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. The defendant's actions of attacking police vehicles occupied by law enforcement officers who were attempting to escape a large mob are particularly egregious, and a Guidelines range sentence is necessary to demonstrate the seriousness of the offense.

**(3)** **18 U.S.C. § 3553(a)(2)(B) & (C) – The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant**

Imposition of a Guidelines range sentence will address both general and specific deterrence. A sentence within the Guidelines range should deter others from engaging in conduct similar to the defendant's conduct. As to specific deterrence, the defendant appears to be undeterred by his prior encounters with law enforcement, including a conviction for illegal gun possession. The government respectfully submits that a sentence within the Guidelines range will deter the defendant from engaging in future criminal conduct.

Regarding general deterrence, the government commonly creates press releases detailing the sentences that are pronounced in the Western District of Pennsylvania. In this way, the internet and media outlets are able to make the general public aware of the sentences imposed in federal court. The expectation is that other individuals will thereby also be deterred from committing crimes similar to those committed by the defendant.

**(4)** **18 U.S.C. § 3553(a)(3), (4) – The Kinds of Sentence and the Sentencing Range Established by the Guidelines**

The Presentence Report and this Court's Tentative Findings accurately state the kinds of sentence that are available and the applicable Guidelines range, and the United States submits that

a term of sentence within the Guidelines range.

**(5)  18 U.S.C. § 3553(a)(5) – Any Pertinent Policy Statement**

The United States is not aware of any policy statement that would call for a non-Guidelines sentence.

**(6)  18 U.S.C. § 3553(a)(6) – The Need to Avoid Unwarranted Sentence Disparities**

Imposing a sentence within the Guidelines range would fulfill the goal of avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

**(7)  18 U.S.C. § 3553(a)(7) – The Need to Provide Restitution to any Victims of the Offense**

Restitution is not applicable in this case.

## IV.  <u>CONCLUSION</u>

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that this Court impose a sentence within the Guidelines range.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

*/s/ Jonathan D. Lusty*
JONATHAN D. LUSTY
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7367
Jonathan.Lusty@usdoj.gov
PA ID No. 311180